## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Yvonne Wigfall, ) | |
| ) | Civil Action No. 2:15-cv-3563-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Nancy A. Berryhill, Acting Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner").[1]

### I.     PROCEDURAL HISTORY

Plaintiff Yvonne Wigfall ("Plaintiff") protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on June 11, 2010, alleging disability since May 19, 2010, due to meningitis, diabetes, high blood pressure, and high cholesterol. ECF No. 16 at 3. Plaintiff was fifty-seven years old at the time of her last hearing before the ALJ regarding her applications for DIB and SSI. R. 25. She is now sixty. Plaintiff has a high school education. *Id.* Plaintiff worked as a utility worker at Cross Generator Station for approximately fifteen years. R. 31, 50. Plaintiff last worked on May 18, 2010. R. 46. Plaintiff had been complaining of headaches and other pains for approximately a week in early May 2010,

---

[1] Acting Commissioner Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin on January 23, 2017. Under Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as defendant in this suit. *See also* 42 U.S.C. § 405(g).

1

and when she did not return home from work on May 18, 2010, her family grew concerned and went to find her. R. 318. Plaintiff's family found her at work, where she was "confused with altered mental status." *Id.* She was transported to the hospital by ambulance and was diagnosed with pneumococcal meningitis, type two diabetes, hypertension, and proteinuria. *Id.* Plaintiff remained in the hospital for one week and was then discharged to receive "home health care." R. 319.

Plaintiff's applications for DIB and SSI were denied initially and on reconsideration. R. 70, 75. At the first step of the determination, the Social Security Administration determined Plaintiff's conditions of "meningitis, diabetes, high blood pressure, and high cholesterol" were severe enough to prevent Plaintiff from working; however, Plaintiff failed to demonstrate the conditions would prevent her from performing all types of work for more than twelve months. R. 70, 75. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on April 19, 2012. R. 42-55. The ALJ issued a decision dated June 21, 2012. In the 2012 decision, the ALJ determined her severe conditions to be "post-status meningitis and headaches," but the conditions were not severe enough to prevent her from working. R. 81. Accordingly, the ALJ determined that Plaintiff was not entitled to DIB or SSI under Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Plaintiff filed a request for review of the ALJ's decision, which was granted by the Appeals Council on August 2, 2013. R. 89-92. The Appeals Council ordered the ALJ to clarify the record on Plaintiff's claims of disability due to depression and obesity and vacated the 2012 decision. R. 90.

Plaintiff attended a second hearing before the ALJ on May 14, 2014. R. 22-41. Plaintiff submitted additional medical history reports. The ALJ issued a second decision on June 20, 2014, stating that Plaintiff had a severe impairment of "obesity," but not depression or

2

meningitis. R. 12-13. The ALJ found that "[w]hile the claimant also complained of meningitis . . . the symptoms appear to have totally resolved." R. 13. The ALJ found the treating physician's opinion that Plaintiff is unable to obtain and maintain gainful employment "is unsupported by the treatment records and is further unsupported by the weight of other evidence in the records." R. 15. The ALJ noted "on examination in April 2013, [the treating physician] noted normal range of motion, muscle strength, and stability in all extremities with no pain on inspection." R. 15. The ALJ found that Plaintiff had the severe impairment of "obesity," but "d[id] not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1." R. 14. The ALJ found that Plaintiff's allegations of intensity, persistence, and limiting effects of headaches and light sensitivity was not supported by the record and not entirely credible. R. 14. The ALJ found that Plaintiff "has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c)" R. 14. The ALJ found that Plaintiff is capable of performing past relevant work as a utility worker[, which] does not require the performance of work-related activities precluded by the claimant's residual functional capacity." R. 15. Accordingly, the ALJ again determined that Plaintiff was not entitled to disability insurance benefits or supplemental security income under Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Plaintiff appealed this decision to the Appeals Council, which denied her request for review on July 7, 2015. R. 1-3. Thus, the decision of the ALJ became the "final decision" of the Commissioner. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review.

    In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for a Report and

Recommendation (the "Report"). On January 31, 2017, the Magistrate Judge filed a Report in which she recommended that the Commissioner's decision to deny benefits be affirmed. ECF No. 16. Plaintiff filed objections to the Report on February 14, 2017. ECF No. 18. The Commissioner filed a response to Plaintiff's objections on February 27, 2017. ECF No. 19.

This matter now is before the court for review of the Magistrate Judge's Report. The court is charged with making a de novo determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). For the reasons stated below, the court declines to adopt the Magistrate Judge's Report, reverses the decision of the Commissioner, and remands the matter for further consideration.

## II.     STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber

4

stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58. In reviewing the decision of the Commissioner, the court must "closely scrutinize the administrative proceedings to insure a result consistent with congressional intent and elemental fairness." *Flack*, 413 F.2d at 280.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III.     DISCUSSION

The Magistrate Judge found that the Commissioner's final decision is supported by substantial evidence and should be affirmed. ECF No. 16 at 1. The Magistrate Judge found that the ALJ did not err in assigning "little weight" to Plaintiff's treating physician's "conclusory opinion" that Plaintiff is unable to work. *Id.* at 7. The Magistrate Judge next found that there was substantial evidence to support the ALJ's determination of which alleged impairments were "severe" and the ALJ did not err in determining there were no "functional limitations caused by such conditions." *Id.* at 8-11. The Magistrate Judge further determined that any error was harmless as the ALJ continued to the next step after finding the one severe impairment of obesity. *Id.* at 11. Lastly, the Magistrate Judge found that substantial evidence supports the ALJ's determination that "Plaintiff's allegation of symptoms of disabling severity to be less than fully

5

credible." *Id.* at 14. Plaintiff asserts specific objections to the Report. The court will review each of these objections in turn.

### A. Objection One: Evaluation of Treating Physician's Opinion

Plaintiff objects to the Magistrate Judge finding no error with the ALJ's assignment of "little weight to the treating physician's opinion that [Plaintiff] was unable to obtain and maintain gainful employment due to her medical conditions of meningitis, chronic headaches, hypertension, and diabetes." ECF No. 18 at 1. Plaintiff concedes that the ALJ appropriately considered 6F (R. 362-78), 11F (R. 320-23), 13F (R. 433-50), and 14F (R.451) but argues the ALJ failed to properly consider Exhibits 8F (R.381-94), 9F (R. 395-99), and 10F (R.400-19). ECF No. 18 at 1-2.

Where there is conflicting evidence that "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." ECF No. 17 at 40. While there are conflicting medical records, there are also medical records that support the ALJ's determination, including the two most recent records. The court finds that substantial evidence supports the ALJ's determination to assign little weight to the treating physician's opinion of disability. Plaintiff's objection is without merit.

### B. Objection Two: Assessment of Plaintiff's Impairments

Plaintiff objects to the Magistrate Judge's determination that the ALJ's did not err in his consideration of Plaintiff's impairments. ECF No. 18 at 2. Defendant responds that there was no error, and any error is harmless as the ALJ continued to the next step. The court finds Plaintiff's objection has merit.

6

The Fourth Circuit in *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989), set the standard for considering and explaining the combined effect of the impairments, stating, "the [ALJ] must consider the combined effect of a claimant's impairments and not fragmentize them, . . . [and] [t]he [ALJ] must adequately explain his or her evaluation of the combined effects of the impairments." In interpreting *Walker*, the court in *Brown* stated

> [T]he adequacy requirement of *Walker* is met if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments. Most importantly, when multiple impairments are present, this Court must be satisfied that the Commissioner's decision regarding disability is not founded on a fragmentized analysis of those impairments.

2012 WL 3716792 at *6. *Brown* found that the ALJ's determination of residual functional capacity is "key to the analysis" of whether the ALJ considered the combined effect of impairments. *Id.*

The ALJ found that Plaintiff had a severe limitation of obesity. R. 12. The ALJ found that her "obesity has somewhat limited her ability to sustain function [but] her symptoms do not appear to be as severe as alleged." R. 15. The ALJ next discussed impairments that did not rise to the level of "severe." First, the ALJ discussed whether Plaintiff suffered from the effects of her meningitis in 2010 and found that the symptoms "no more than minimally affect[] her ability to perform work related activity." R. 13. He further found that headaches associated with post-status meningitis seem to have been resolved. R. 13. Next, the ALJ found that Plaintiff's "mental impairment of depression does not cause more than minimal limitation . . . and is therefore nonsevere." R. 13. Finally, the ALJ found that Plaintiff's "medically determinable impairments" could cause her claimed sensitivity to light but the severity of the impairment was not credible. R. 14. The court finds that the individual findings are supported by substantial evidence. However, the ALJ's decision was a fragmented analysis of the impairments. The ALJ did not

7

demonstrate that he considered the combined effect of Plaintiff's impairments. Plaintiff's alleged impairments are not referenced in her "residual functional capacity" ("RFC"), which provides no specific limitations on Plaintiff's capacity to work. *See* R. 14. The boilerplate statement that "the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P Appendix 1," is insufficient to meet the standard stated in *Walker* and *Brown*. The court finds that the ALJ failed to consider the combined effect of all of Plaintiff's impairments when determining her RFC.[2]

## IV.    CONCLUSION

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, this court declines to adopt the Magistrate Judge's Report and Recommendation. For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision of no disability is reversed and remanded under sentence four of 42 U.S.C. § 405(g) for further proceedings.

**IT IS SO ORDERED.**

                                                  s/ Margaret B. Seymour
                                                  The Honorable Margaret B. Seymour
                                                  Senior United States District Judge

March 29, 2017
Charleston, South Carolina

---

[2] As the court remands to the ALJ based on Objection Two, the court does not consider Objection Three: Consideration of Plaintiff's Credibility, at this time.